UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
STEVEN FRIEDMAN,                                          :
                                                         :
                              Plaintiff,                  :
                                                         :
              -against-                                   :
                                                         :
COLETTE CHESTNUT, in her representative capacity,         :         19 Civ. 226 (PKC)
MICHAEL KOOPER, STACEY LIPPMAN, CHIAT-                    :
DAY HOLDINGS INC. EMPLOYEE PROFIT                         :
SHARING AND 401(K) PLAN, a/k/a CHIAT-DAY                  :
HOLDINGS INC. PROFIT SHARING PLAN, and                    :
TBWAWORLDWIDE INC.,                                       :
                                                         :
                                                         :
                              Defendants.                 :
------------------------------------------------------------------------x


### DEFENDANT MICHAEL KOOPER'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFF'S COMPLAINT


MORVILLO ABRAMOWITZ GRAND
IASON & ANELLO P.C.
Edward M. Spiro
Curtis B. Leitner
565 Fifth Avenue
New York, New York 10017
(212) 856-9600

*Attorneys for Defendant Michael Kooper*

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

PRELIMINARY STATEMENT…………………………………………………………1

STATEMENT OF FACTS……………………………………………………………..2

STANDARD OF REVIEW……………………………………………………………4

ARGUMENT………………...……………………………………………………5

    I.    Friedman's Claim Against Mr. Kooper Fails as a Matter of Law…………...…………5

        A.    Under Controlling Second Circuit Precedent, Mr. Kooper Is Subject to a
Recovery of Benefits Claim Only in His Official Capacity………………………5

        B.    Friedman's Claim against Mr. Kooper in His Individual Capacity Must Be
Dismissed……………………………………………….……………………9

        C.    The Arguments in Friedman's Pre-Motion Letter Are Meritless………………..11

CONCLUSION…………. ……………………………………………………………13

## **TABLE OF AUTHORITIES**

**Page(s)**

### **Cases**

*Anyachebelu v. Brooklyn Hosp. Ctr.*,
No. 16-CIV-3159, 2017 WL 9511073 (E.D.N.Y. July 20, 2017).............................7

*Barnett v. Int'l Bus. Machines Corp.*,
885 F. Supp. 581 (S.D.N.Y. 1995)....................................................................6, 10

*Chapman v. ChoiceCare Long Island Term Disability Plan*,
288 F.3d 506 (2d Cir. 2002).....................................................................................7

*Chapro v. SSR Realty Advisors, Inc. Severance Plan*,
351 F. Supp. 2d 152 (S.D.N.Y. 2004).....................................................................10

*Crocco v. Xerox Corp.*,
137 F.3d 105 (2d Cir. 1998).....................................................................................7

*Davis v. Am. Optical Corp.*,
No. 11-CIV-562S, 2012 WL 639698 (W.D.N.Y. Feb. 27, 2012)............................10

*Dewitt McGriff v. Superintendent Keyser*,
No. 17-CIV-8619, 2019 WL 1417126 (S.D.N.Y. Mar. 29, 2019)............................4

*Fershtadt v. Verizon Commc'ns Inc.*,
No. 07-CIV-6963, 2010 WL 571818 (S.D.N.Y. Feb. 9, 2010)..................................8

*Greenstein by Horowitz v. Bane*,
833 F. Supp. 1054 (S.D.N.Y. 1993)........................................................................12

*Indianapolis Life Ins. Co. v. Herman*,
516 F.3d 5 (1st Cir. 2008) ......................................................................................10

*Jeffrey Farkas, M.D., LLC v. Grp. Health Inc.*,
No. 18-CIV-8535, 2019 WL 657006 (S.D.N.Y. Feb. 1, 2019)..................................7

*Leonelli v. Pennwalt*,
887 F.2d 1195 (2d Cir. 1989).........................................................................Passim

*Manginaro v. Welfare Fund of Local 771, I.A.T.S.E.*,
21 F. Supp. 2d 284 (S.D.N.Y. 1998)..................................................6, 9, 10, 11, 12

*Mott v. IBM*,
No. 10-CIV-4933, 2011 WL 3846523 (E.D.N.Y. Aug. 9, 2011)................................8

*New York State Psychiatric Ass'n, Inc. v. UnitedHealth Grp.*,
  798 F.3d 125 (2d Cir. 2015) ............................................................... 8

*Papazian v. Sony Music Entm't*,
  No. 16-CIV-07911, 2017 WL 4339662 (S.D.N.Y. Sept. 28, 2017) ........................... 8

*Scovin v. Great-W. Life & Annuity Ins. Co.*,
  No. 02-CIV-1161, 2011 WL 13228310 (D. Conn. Mar. 31, 2011) ................ 6, 10, 11, 12

*Sokolowski v. Aetna Life & Casualty Co.*,
  670 F. Supp. 1199 (S.D.N.Y. 1987) ....................................................... 12

*Yoon v. Fordham Univ. Faculty*,
  173 F. App'x 936 (2d Cir. 2006) .......................................................... 7

## Statutes and Rules

29 U.S.C. § 1109 ............................................................................. 4

29 U.S.C. § 1109(a) ....................................................................... 5, 6

29 U.S.C. § 1132 ............................................................................. 5

29 U.S.C. § 1132(a) ..................................................................... Passim

29 U.S.C. § 1132(d) ..................................................................... 6, 7, 9

Fed. R. Civ. P. 12(b)(6) ..................................................................... 1

Defendant Michael Kooper respectfully submits this memorandum of law in support of his motion to dismiss Plaintiff Steven Friedman's Complaint as to Mr. Kooper pursuant to Federal Rule of Civil Procedure 12(b)(6).

## PRELIMINARY STATEMENT

This action concerns an ERISA plan that has been terminated for more than two decades. Friedman, a former senior executive at the Chiat\Day advertising firm, alleges that his retirement plan account was worth over $160,000 when he left the firm in 1993. He further alleges that a few years later, in 1995, Chiat\Day was acquired by Defendant TBWA Worldwide Inc. and that, in 1995 or 1996, the Chiat\Day plan was terminated and its assets were liquidated.

Now, more than twenty years after the fact, Friedman complains for the first time that he never received a distribution from the Chiat\Day plan. Friedman asserts a single claim against Mr. Kooper, a former trustee of the plan, for recovery of benefits under 29 U.S.C. § 1132(a)(1)(B). But Friedman's claim suffers from a fatal defect. The Second Circuit has repeatedly held that only certain categories of defendants are subject to suit under Section 1132(a)(1)(B): the plan itself and administrators and trustees *in their official capacities*. Under this controlling precedent, Mr. Kooper can be sued under Section 1132(a)(1)(B) only in his official capacity as a former trustee. Mr. Kooper cannot be sued in his individual capacity and cannot be individually liable.

Because Friedman's Section 1132(a)(1)(B) claim seeks damages against Mr. Kooper in his individual capacity, his claim is foreclosed by Second Circuit precedent and fails as a matter of law. Accordingly, Freidman's sole claim against Mr. Kooper should be dismissed with prejudice.

## STATEMENT OF FACTS

Friedman's Complaint makes the following allegations relevant to his claim against Mr. Kooper, which are assumed to be true solely for purposes of this motion to dismiss.

Friedman was employed by the advertising firm Chiat\Day from in or about 1985 through November 30, 1993. Complaint ¶¶ 2, 19-21.[1]  He was a Senior Vice President.[2]  Friedman was a participant in the Chiat-Day Holdings Inc. Employee Profit Sharing and 401(k) Plan (the "Plan") based on his employment at Chiat\Day. *Id.* ¶ 22.  According to a "Participant Statement" from the Plan, as of October 31, 1992, Friedman had a vested balance of $117,860.57 in the profit-sharing plan and a vested balance of $20,685.02 in his 401(k) account. *Id.* ¶ 24.  Friedman left the firm in late 2013.

A few years later, on or about August 31, 1995, Defendant TBWA Worldwide Inc. ("TBWA") acquired substantially all of Chiat\Day's assets. *Id.* ¶ 26.  On or about July 10, 1995, approximately seven weeks before the acquisition, Mr. Kooper as a Plan trustee and Chiat\Day entered into a "Profit Sharing Plan Purchase Agreement."  The agreement provided that Chiat\Day would purchase its preferred stock from the Plan for a cash purchase price of $14,081,773.93.  Further, the agreement provided that, upon TBWA's purchase of substantially all of Chiat\Day's assets, the Plan participants would be fully vested, the Plan would be terminated and its assets liquidated, and the trustees of the Plan "would distribute the liquidated Plan assets to the Plan participants." *Id.* ¶ 25.

---

[1] A copy of Friedman's Complaint is annexed to the Declaration of Edward M. Spiro, dated April 5, 2019.

[2] *See* https://www.adweek.com/brand-marketing/chiatday-ny-hires-and-fires-shop-lets-10-staffers-go-closes-print-production-depart/ (last visited on April 3, 2019).

Between August 1995 and October 1996, the Plan was terminated and its assets were liquidated. *Id.* ¶ 28.  According to the Plan's IRS filings, Mr. Kooper and Defendant Stacey Lippman were co-trustees of the Plan during the period of November 1995 through the termination of the Plan. *Id.* ¶¶ 30-32.

In December 2016—over twenty years after Friedman alleges that the Plan's assets were liquidated—*id.* ¶ 28, he received a statement from the Social Security Administration ("SSA") indicating that, as of 1994, he had a Plan account worth $164,920. *Id.* ¶ 34.

Friedman now claims that he did not receive the distribution he was owed when the Plan's assets were liquidated. *Id.* ¶ 33.  Notwithstanding Friedman's claim that he was owed over $160,000 when he left Chiat\Day, Friedman does not allege that he took *any* steps to obtain his outstanding benefits during the twenty years between the Plan's liquidation in 1995 or 1996 and his receipt of the SSA statement in December 2016.  Instead, Friedman alleges that, "upon information and belief, Defendants at all times had Friedman's contact information and could have contacted him." *Id.* ¶ 33.

Beginning in or around December 2016, Friedman engaged in communications with Omnicom, the corporate parent of TBWA, in an effort to ascertain why he purportedly did not receive a distribution from the Plan twenty years ago. *Id.* ¶¶ 34-49.  In April 2017, Omnicom advised Friedman that his benefits were processed and distributed in 1995. *Id.* ¶ 40.  On July 20, 2017, Omnicom confirmed in writing "Kooper's involvement as a trustee of and fiduciary for the Plan." *Id.* ¶ 51.

Proceeding under 29 U.S.C. § 1132(a)(1)(B), Friedman asserts a claim against Mr. Kooper *in his individual capacity* (not in his official capacity as a former Plan trustee) to recover benefits that Friedman allegedly was owed when the Plan was terminated in the mid-1990s.

Friedman alleges that Mr. Kooper had a duty "to ensure that all Plan participants, including without limitation Friedman, received distributions of Plan benefits due them," and that Mr. Kooper breached that duty by failing to ensure that Friedman received his benefits under the Plan. Complaint ¶¶ 54, 57-58.

Notably, Friedman's pre-motion letter states that he is not "assert[ing] a breach of fiduciary claim against Kooper under 29 U.S.C. § 1109." Docket Entry 34 at 5.

Friedman makes the same Section 1132(a)(1)(B) claim against the Plan itself, *id.* ¶ 53; TBWA, which Friedman alleges was the "Plan Administrator" from August 1995 until the termination of the Plan, *id.* ¶ 29; Collette Chestnut in her official capacity as the "authorized representative of TBWA as Plan Administrator," *id.* ¶ 10; and Stacey Lippman, who Friedman alleges was a co-trustee with Mr. Kooper, *id.* ¶ 12.

On March 19, 2019, Friedman filed a notice of voluntary dismissal with respect to his Section 1132(a)(1)(B) claim against the National Union Fire Insurance Company of Pittsburgh, PA, which allegedly provided insurance to the Plan. *Id.* ¶ 56; *see* Docket Entry 37.

## STANDARD OF REVIEW

When adjudicating a motion to dismiss, "the Court must accept as true all of the factual allegations contained in the complaint" and "draw[] all reasonable inferences in favor of the plaintiff." *Dewitt McGriff v. Superintendent Keyser*, No. 17-CIV-8619, 2019 WL 1417126, at * 2 (S.D.N.Y. Mar. 29, 2019).  Nonetheless, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions." *Id.*  A complaint does not "suffice if it tenders naked assertions devoid of further factual enhancement," or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

4

## <u>ARGUMENT</u>

Friedman's claim against Mr. Kooper for recovery of benefits under the Plan fails as a matter of law because Mr. Kooper cannot be liable under Section 1132(a)(1)(B) in his individual capacity, and a claim against Mr. Kooper in his official capacity as a former trustee would be equivalent to a claim against the Plan itself.

**I.     Friedman's Claim Against Mr. Kooper Fails as a Matter of Law**

**A.     Under Controlling Second Circuit Precedent, Mr. Kooper Is Subject to a Recovery of Benefits Claim Only in His Official Capacity**

Under Second Circuit law, Mr. Kooper can be subject to a claim under Section 1132(a)(1)(B) only in his official capacity.  In *Leonelli v. Pennwalt*, 887 F.2d 1195 (2d Cir. 1989), the Second Circuit squarely held that "[i]n a recovery of benefits claim [under Section 1132(a)(1)(B),] only the plan and the administrators and *trustees of the plan in their capacity as such* may be held liable." *Id.* at 1199 (citations omitted) (emphasis added).

*Leonelli* was based on the Court's interpretation of 29 U.S.C. § 1132, the ERISA section governing "civil enforcement."  Section 1132(a) authorizes a list of causes of action to enforce ERISA obligations.  The list includes the claim that Friedman asserts here, a claim for recovery of benefits under Section 1132(a)(1)(B), which provides that a plan participant may bring a claim "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

The list of causes of action also includes a claim "for appropriate relief under section 109 of this title," which provides that "[a]ny person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter *shall be personally liable* to make good to such plan any losses to the plan resulting from each such breach. . . ." 29 U.S.C. § 1109(a) (emphasis added).

5

Subsection 1132(d), titled "Status of employee benefit plan as entity," provides that a plan may be subject to liability under ERISA as an entity, 29 U.S.C. § 1132(d)(1), and that a plan's liability does not extend to any other person unless ERISA provides a specific basis to hold that person individually liable. *See Id.* § 1132(d)(2) ("Any money judgment under this subchapter against an employee benefit plan shall be enforceable only against the plan as an entity and shall not be enforceable against any other person unless liability against such person is established in his individual capacity under this subchapter.")

Interpreting these provisions, *Leonelli* held that a trustee is not individually liable for a plan's obligations unless "liability against such person is established in his individual capacity," *id.* § 1132(d)(2)—for example, based on a claim for breach of fiduciary duty for which a trustee is "personally liable" under ERISA. 29 U.S.C. 1109(a)(2);[3] *see Leonelli*, 887 F.2d at 1199; *Manginaro v. Welfare Fund of Local 771, I.A.T.S.E.*, 21 F. Supp. 2d 284, 289 (S.D.N.Y. 1998) ([P]laintiffs cite no cases—and I am aware of none —standing for the proposition that a trustee may be held personally liable under any circumstances other than those specifically provided for by ERISA."); *Scovin v. Great-W. Life & Annuity Ins. Co.*, No. 02-CIV-1161, 2011 WL 13228310, at *7 (D. Conn. Mar. 31, 2011) ("There is no authority for the proposition that a trustee may be held personally liable under any circumstances other than those specifically provided for by ERISA."); *Barnett v. Int'l Bus. Machines Corp.*, 885 F. Supp. 581, 591 (S.D.N.Y. 1995) (explaining that "ERISA only authorizes suits for benefits against the plan itself").

---

[3] As noted above, Friedman disavows any Section 1109(a)(2) claim in his pre-motion letter. Docket Entry 34 at 5.  Moreover, as explained in Mr. Kooper's pre-motion letter, any such claim would be barred by the applicable statute of repose. Docket Entry 31 at 6-7.

The Second Circuit has repeatedly affirmed *Leonelli*'s restriction of the categories of defendants subject to suit under Section 1132(a)(1)(B).  For example, in *Chapman v. ChoiceCare Long Island Term Disability Plan*, 288 F.3d 506 (2d Cir. 2002), the Second Circuit rejected an ERISA plan's argument that an insurance company (rather than the plan itself) should be liable under Section 1132(a)(1)(B) because the insurer was responsible for paying benefit claims to the plaintiff under the terms of the insurance policy.  *Id.* at 509.  The Court held that Sections 1132(a)1)(B) and 1132(d) "make plain that a plan can be held liable in its own name for a money judgment," that "a plan is a proper defendant in an action to recover benefits under § 1132(a)(1)(B)," and that "in a recovery of benefits claim, only the plan and the administrators and trustees of the plan in their capacity as such may be held liable." *Id.* at 509-510 (quoting *Leonelli*, 887 F.2d at 1199); *see also Yoon v. Fordham Univ. Faculty*, 173 F. App'x 936, 940 (2d Cir. 2006) ("In *Leonelli*, we ruled that [i]n a recovery of benefits claim, only the plan and the administrators and trustees of the plan in their capacity as such may be held liable.") (citation and quotations omitted); *Crocco v. Xerox Corp.*, 137 F.3d 105, 107 (2d Cir. 1998) (rejecting a Section 1132(a)(1)(b) claim against an alleged "de facto co-administrator" based on *Leonelli*).

As such, federal courts within the Second Circuit consistently abide by *Leonelli*'s restriction of the defendants who are subject to suit under Section 1132(a)(1)(B). *See, e.g.*, *Jeffrey Farkas, M.D., LLC v. Grp. Health Inc.*, No. 18-CIV-8535, 2019 WL 657006, at *8 (S.D.N.Y. Feb. 1, 2019) ("In a recovery of benefits claim, only the plan and the administrators and trustees of the plan in their capacity as such may be held liable.") (quoting *Chapman,* 288 F.3d at 509); *Anyachebelu v. Brooklyn Hosp. Ctr.*, No. 16-CIV-3159, 2017 WL 9511073, at *19 (E.D.N.Y. July 20, 2017) ("The Second Circuit has repeatedly stated that [i]n a recovery of benefits claim [pursuant to 29 U.S.C. § 1132(a)(1)(B) ], only the plan and the administrators and

trustees of the plan in their capacity as such may be held liable.") (citation and quotations omitted); *Fershtadt v. Verizon Commc'ns Inc.*, No. 07-CIV-6963, 2010 WL 571818, at *8 (S.D.N.Y. Feb. 9, 2010) ("[T]he Second Circuit has made clear that in a denial of benefits appeal under ERISA § 502(a)(1)(B), . . . only the plan and the administrators and trustees of the plan in their capacity as such may be held liable.") (citations omitted); *Mott v. IBM*, No. 10-CIV-4933, 2011 WL 3846523, at *2 (E.D.N.Y. Aug. 9, 2011) ("The Second Circuit has held that a claim for recovery of benefits under § 1132(a)(1)(B) is barred by a plaintiff's failure to name the right defendant.") (citing *Leonelli*, 877 F.2d at 1199).

Recently, in *New York State Psychiatric Ass'n, Inc. v. United Health Grp.*, 798 F.3d 125, 132 (2d Cir. 2015), the Second Circuit clarified that a "claims administrator" who "exercises total control over claims for benefits" may be liable under Section 1132(a)(1)(B).  But the Court made clear that *Leonelli* "is not to the contrary" because *Leonelli* did not address the status of a "claims administrator." *Id.* at 132-33.  Here, however, there is no getting around *Leonelli*'s explicit holding that "trustees of the plan" may be liable under Section 1132(a)(1)(B) only "in their official capacity as such." 887 F.2d at 1195.  And that holding is binding "unless it is expressly or implicitly overruled by the Supreme Court or an en banc panel of the Second Circuit." *Papazian v. Sony Music Entm't*, No. 16-CIV-07911 , 2017 WL 4339662, at *5 (S.D.N.Y. Sept. 28, 2017).

In sum, Second Circuit precedent establishes that Mr. Kooper is subject to suit under Section 1132(a)(1)(B) only in his official capacity as a former trustee of the Plan.

**B.      Friedman's Claim against Mr. Kooper in His Individual Capacity Must Be Dismissed**

Because Mr. Kooper is subject to suit under Section 1132(a)(1)(B) only in his official

capacity as a former trustee, Friedman's claim against Mr. Kooper for damages in his individual

capacity must be dismissed.  Former Chief Judge Mukasey's reasoning in *Manginaro v. Welfare

Fund of Local 771, I.A.T.S.E.*, 21 F. Supp. 2d 284 (S.D.N.Y. 1998), is directly on point:

> Plaintiffs' first, second, and fourth claims [seeking to recover benefits allegedly due under Section 1132(a)(1)(B)] must be dismissed to the extent that they seek to hold the Trustees personally liable for benefits allegedly due under the Plan.  ERISA provides that:
>
>> Any money judgment under this subchapter against an employee benefit plan shall be enforceable only against the plan as an entity and shall not be enforceable against any other person unless liability against such person is established in his individual capacity under this subchapter.
>
> 29 U.S.C. § 1132(d)(2).
>
> Interpreting this provision, the Second Circuit has held that "[i]n recovery of benefits claims under 29 U.S.C. § 1132(a)(1)(B), only the plan and the administrators and trustees of the plan in their capacity as such may be held liable." *Leonelli v. Pennwalt Corp.*, 887 F.2d 1195, 1199 (2d Cir.1989).  Although a trustee can be sued in his official capacity, such suits are treated as suits against the plan. As a result, plaintiffs' first, second, and fourth claims, against the Trustees in their individual capacities, must be dismissed.
>
> Plaintiffs resist this conclusion, arguing that the Trustees may be held personally liable if the Fund's assets prove insufficient to satisfy its liability to plaintiffs. However, plaintiffs cite no cases—and I am aware of none—standing for the proposition that a trustee may be held personally liable under any circumstances other than those specifically provided for by ERISA. Indeed, if trustees could be held personally liable to pay benefits claims whenever a plan's assets prove insufficient to satisfy a judgment against it, the protections afforded to trustees by 29 U.S.C. § 1132(d)(2) and *Leonelli* would be seriously eroded.

*Id.* at 300–01 (citations and brackets omitted).

Many district court decisions in this Circuit have followed *Manginaro*'s holding (1) that

an ERISA trustee is not individually liable under Section 1132(a)(1)(B), and (2) that a claim

against a trustee in his official capacity is deemed a claim against the plan itself. *See Scovin*, 2011 WL 13228310, at *7 (rejecting argument "that where a plan has insufficient funds to satisfy the judgment against it for denial of benefits, the plan trustees may be held personally liable for the balance of the judgment"); *Davis v. Am. Optical Corp.*, No. 11-CIV-562S, 2012 WL 639698, at *4 (W.D.N.Y. Feb. 27, 2012) ("[T]o the extent Plaintiff brings suit against any defendants in a capacity other than that of administrator or trustee, including in a corporate or *individual capacity*, Plaintiff's § 1132(a)(1)(B) claim must be dismissed.") (citing *Leonelli*, 887 F.2d at 1199) (emphasis added); *Chapro v. SSR Realty Advisors, Inc. Severance Plan*, 351 F. Supp. 2d 152, 155 (S.D.N.Y. 2004) (holding that *Leonelli* "precludes the Plaintiff from suing the individual plan administrators in their personal capacities" under Section 1132(a)(1)(B), and explaining that "although a trustee can be sued in his official capacity, such suits are treated as suits against the plan") (citing *Manginaro*, 21 F. Supp.2d at 301); *Barnett v. Int'l Bus. Machines Corp.*, 885 F. Supp. 581, 591, 592. n.15 (S.D.N.Y. 1995) (holding that "ERISA only authorizes suits for benefits against the plan itself," and "[a]s indicated *in Leonelli*, a suit against trustees or administrators of a plan in their official capacity is equivalent to a suit against a plan") (citing *Leonelli*, 886 F.3d. at 1199). Moreover, the reasoning of these cases is consistent with the basic principle that "a money judgment against an individual in his official capacity runs only against the entity's assets." *Indianapolis Life Ins. Co. v. Herman*, 516 F.3d 5, 8–9 (1st Cir. 2008).

Finally, the fact that Friedman is unable to collect benefits from the Plan itself—which he alleges was terminated more than twenty years ago, Complaint ¶¶ 28, 40—does not change the application of Second Circuit precedent. There is no exception to *Leonelli*'s holding in the circumstance that a plan is unable to satisfy a judgment against it. In *Manginaro*, for example, the court held that a trustee is not personally liable under Section 1132(a)(1)(B) even when "a

plan's assets prove insufficient to satisfy a judgment against it." 21 F. Supp. 2d at 301.

Likewise, in *Scovin*, a case involving a defunct plan, the court specifically rejected the argument

that a trustee could be personally liable under Section 1132(a)(1)(B) "where a plan has

insufficient funds to satisfy a judgment against it." 2011 WL 13228310, at *7.

In any event, it is neither unreasonable nor inequitable that Friedman would be unable to

collect benefits from the Plan more than twenty years after it was terminated—especially when

Friedman does not allege that he made any effort to obtain those benefits for twenty years. *See*

Complaint, ¶¶ 28, 34-35.  And even if Friedman's "inability to recover" from a "defunct plan"

were "an inequitable result"—which in this case it assuredly is not—"respect for [the court's]

proper role requires that [it] decline th[e] invitation to substitute [the court's] notions of fairness

for the duties which Congress has specifically articulated when it established the [ERISA]

remedial scheme." *Scovin*, 2011 WL 13228310, at *7.

### C.    The Arguments in Friedman's Pre-Motion Letter Are Meritless

In his pre-motion letter, Friedman asserts that *Leonelli*'s restriction of Section

1132(a)(1)(B) to claims against trustees in their official capacity does not apply "when there is

no existing plan" from which to recover benefits. Docket Entry 34 at 3. Friedman's arguments in

support of that assertion are baseless.

First, Friedman acknowledges that *Scovin* contradicts his argument but makes no effort to

distinguish that case (or even to explain why it is incorrect). Docket Entry 34 at 3.  Instead,

Friedman brushes *Scovin* aside because it is a District of Connecticut case—never mind that the

District of Connecticut is bound by the same Second Circuit precedent as this Court and is

therefore persuasive authority.  Friedman's position is also contradicted by *Manginaro*'s holding

that *Leonelli* applies when "a plan's assets prove insufficient to satisfy a judgment against it." 21

F. Supp. 2d at 301.  From the standpoint of a plaintiff bringing a recovery of benefits claim under Section 1132(a)(1)(B), there is no difference between a plan with insufficient assets to pay the benefits due (as in *Manginaro*) and a plan that has been terminated (as in *Scovin* and here).

Second, Friedman claims that applying *Leonelli* to a case involving a non-existent plan "would deprive [him] of his due process right under ERISA to pursue his property interest in the Plan benefits." Docket Entry 34 at 3.  This argument is frivolous and should not be raised again in Friedman's opposition to this motion.  The case Friedman cites to support his assertion, *Greenstein by Horowitz v. Bane*, 833 F. Supp. 1054 (S.D.N.Y. 1993), addresses a Section 1983 due process claim—not an ERISA claim.  Further, a due process claim "considers whether *the government* deprived [the plaintiff] of [a property] interest without due process," *id.* at 1077 (emphasis added), and Friedman's claim has nothing to do with government conduct.

Third, Friedman cites *Sokolowski v. Aetna Life & Casualty Co.*, 670 F. Supp. 1199, 1206 (S.D.N.Y. 1987), for the proposition that "a money judgment obtained pursuant to § 1132(a)(1)(B) may be enforceable against a person found liable 'in his individual capacity'" Docket Entry 34 at 4.  But *Sokolowski* says no such thing.  In fact, the case actually says that "ERISA imposes personal lability on trustees for a *breach of fiduciary duty*," *id.* at 1206—the very claim that Friedman disavows in this litigation. Docket Entry 34 at 5.  *Sokolowski* does not even mention a recovery of benefits claim under Section 1132(a)(1)(B).

**<u>CONCLUSION</u>**

Second Circuit precedent (and numerous district court decisions applying that precedent) establish that Mr. Kooper is not liable in his individual capacity for Friedman's recovery of benefits claim.  Accordingly, the Court should grant Mr. Kooper's motion to dismiss Friedman's sole claim against him with prejudice.

Dated: New York, New York
          April 5, 2019

                                        MORVILLO ABRAMOWITZ GRAND
                                        IASON & ANELLO P.C.

                                        By:  /s/ Edward M. Spiro
                                               Edward M. Spiro
                                               Curtis B. Leitner
                                        565 Fifth Avenue
                                        New York, New York 10017
                                        (212) 856-9600

                                        *Attorneys for Defendant Michael Kooper*