UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
STEVEN FRIEDMAN,

|                                         |                        |
|-----------------------------------------|------------------------|
| Plaintiff,                              | 19-cv-226 (PKC)        |
| -against-                               | OPINION <br> AND ORDER |

MICHAEL KOOPER, STACEY LIPPMAN,
CHIAT-DAY HOLDINGS INC. EMPLOYEE
PROFIT SHARING AND 401(K) PLAN, a/k/a
CHIAT-DAY HOLDINGS INC. PROFIT
SHARING PLAN, and TBWA WORLDWIDE
INC.,

                    Defendants.
-------------------------------------------------------------x

CASTEL, U.S.D.J.

        Plaintiff Steven Friedman brings this action pursuant to section 502(a)(1)(B) of

the Employee Retirement Income Security Act ("ERISA," 29 U.S.C. § 1132(a)(1)(B)).

Friedman alleges that he is owed $164,920 in unpaid benefits from his former employer, Chiat-

Day's, Employee Profit Sharing and 401(k) Plan (the "Plan"). (Doc 1 ¶¶ 1-4.) Friedman worked

for Chiat-Day from 1985 until 1993; in 1995, Chiat-Day combined with TBWA International,

Inc. ("TBWA"). (Id. ¶ 2.) Friedman alleges that the Plan is now defunct; Friedman contacted

TBWA's parent company, Omnicom Group, Inc., to ask why he had not received his ERISA

plan benefits. (Id. ¶¶ 4-5, 35-40.) Omnicom allegedly told Friedman that the benefits had

already been paid, but Friedman has received conflicting information in this regard. Friedman

states that he has no evidence of ever receiving the benefits owed to him under the Plan. (Id.; id.

¶ 33.)

Friedman has sued Colette Chestnut, then-Chief Financial Officer ("CFO") of TBWA, in her representative capacity, the Plan itself, TBWA, National Union Fire Insurance Company of Pittsburgh, PA, which allegedly provided insurance to the Plan, and Plan trustees Michael Kooper and Stacey Lippman to recover the benefits he asserts he is owed. (Id. ¶¶ 30-31.) Defendants Chestnut and National Union Fire Insurance have been voluntarily dismissed from this action. (Docs 37, 47.) Here, defendant Kooper moves to dismiss Friedman's complaint for failure to state a claim pursuant to Rule 12(b)(6), Fed. R. Civ. P., on the basis that Friedman cannot maintain an ERISA claim against Kooper in his individual capacity. (Doc 44.) For the reasons set forth below, Kooper's motion will be granted.

BACKGROUND

When deciding a motion to dismiss pursuant to Rule 12(b)(6), Fed. R. Civ. P., the Court "must accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegation in the light most favorable to plaintiff, and construe the complaint liberally." Roth v. Jennings, 489 F.3d 499, 510 (2d Cir. 2007) (internal quotation marks and citation omitted). Friedman filed this complaint on January 9, 2019, alleging that defendants breached their obligations owed to him in violation of ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). (See Doc 1.)

Friedman worked for the advertising firm Chiat-Day from 1985 until 1993. (Id. ¶ 2.) While there, he accrued benefits pursuant to Chiat-Day's Plan in the amount of $164,920. (Id. ¶ 4.) In 1995, TBWA acquired Chiat-Day, and Friedman asserts that the acquisition effectively terminated the Plan and liquidated its assets between November 1995 and October 1996. (Id. ¶¶ 28-30.) Until liquidation, TBWA was the Plan administrator by and through

Chestnut, who was the CFO of TBWA. (Id.) TBWA's Internal Revenue Service filings indicated that Kooper and Lippman were Plan trustees. (Id. ¶ 31.)

In 2016, Friedman received a Social Security Administration statement that showed he had benefits under the Plan in the amount of $164,920. (Id. ¶ 34.) Friedman then contacted Omnicom, TBWA's parent, to figure out why he had not received these benefits. (Id. ¶¶ 35-36.) Friedman also contacted Chiat-Day's former Chief Operating Officer to ask about his benefits; these conversations yielded conflicting information concerning the Plan's status and whether Friedman had received his Plan benefits. (Id. ¶¶ 35-51.) Friedman maintains that he has never received the benefits due to him under the Plan.

Friedman alleges that defendants owed him a duty to ensure that he received the Plan benefits due to him, and that their failure to meet their obligations to Friedman constitutes a violation of 29 U.S.C. § 1132(a)(1). (Id. ¶¶ 54-58.) As a result, Friedman asserts, the defendants are liable for the benefits owed to him under the Plan in the amount of $164,920, plus interest, attorneys' fees, and expenses. (Id. ¶ 59.)

In support of dismissal, Kooper argues that Friedman cannot maintain a claim against him in his individual capacity because ERISA, as interpreted by the Second Circuit, requires that plan administrators and trustees be sued in their official capacities only. (Doc 44 at 5.) In opposition, Friedman contends that no such limitation applies here because the Chiat-Day Plan is defunct, and urges that for this reason, Kooper can be sued in his individual capacity. (Doc 51 at 4.) Friedman further contends that the inability to maintain a suit against Kooper in his individual capacity would constitute a deprivation of his due process rights. (Id.) For the reasons set forth below, the Court grants Kooper's motion to dismiss.

KOOPER'S MOTION TO DISMISS IS GRANTED

I.     Rule 12(b)(6) Standard

Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  In assessing the sufficiency of a pleading, a court must disregard legal conclusions, which are not entitled to the presumption of truth.  Id.  Instead, the Court must examine the well-pleaded factual allegations and "determine whether they plausibly give rise to an entitlement to relief."  Id. at 679.  "Dismissal is appropriate when 'it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law.'"  Parkcentral Global Hub Ltd. v. Porsche Auto. Holdings SE, 763 F.3d 198, 208-209 (2d Cir. 2014) (quoting Conopco, Inc. v. Roll Int'l, 231 F.3d 82, 86 (2d Cir. 2000)).

II.     Suits Against Trustees in Their Individual Capacities are Prohibited

The Second Circuit has made clear that under 29 U.S.C. § 1132(a)(1)(B), "[i]n a recovery of benefits claim, only the plan and the administrators and trustees of the plan in their capacity as such may be held liable."  Leonelli v. Pennwalt Corp., 887 F.2d 1195, 1999 (2d Cir. 1989).  Courts in this District have consistently followed Leonelli's holding.  See, e.g., Manginaro v. Welfare Fund of Local 771, I.A.T.S.E., 21 F. Supp. 2d 284, 301 (S.D.N.Y. 1998) (dismissing claims against plan trustees in their individual capacities, relying on Leonelli); Greater Blouse, Skirt & Undergarment Ass'n, Inc. v. Morris, No. 93 CIV. 1257 (SS), 1996 WL 325595, at *4 (S.D.N.Y. June 12, 1996) ("Leonelli . . . makes clear that plan administrators may be sued only in their plan capacity.")  Further, pursuant to 29 U.S.C. § 1132(d)(2):  "Any money judgment under this subchapter against an employee benefit plan shall be enforceable only

against the plan as an entity and shall not be enforceable against any other person unless liability

against such person is established in his individual capacity under this subchapter." ERISA

limits individual liability to a "person who is a fiduciary with respect to a plan who breaches any

of the responsibilities, obligations, or duties imposed upon fiduciaries." 29 U.S.C. § 1109(a).

Courts have found no basis to conclude that a trustee is individually liable under

ERISA for reasons other than breaches of fiduciary duties. As former Chief Judge Mukasey

stated in Manginaro: "[P]laintiffs cite no cases—and I am aware of none—standing for the

proposition that a trustee may be held personally liable under any circumstances other than those

specifically provided for by ERISA. Indeed, if trustees could be held personally liable to pay

benefits claims whenever a plan's assets prove insufficient to satisfy a judgment against it, the

protections afforded to trustees by 29 U.S.C. § 1132(d)(2) and Leonelli would be seriously

eroded." 21 F. Supp. 2d at 301; Chapro v. SSR Realty Advisors, Inc. Severance Plan, 351 F.

Supp. 2d 152, 155 (S.D.N.Y. 2005) ("Defendants are correct [] in pointing out that this same

language [of 29 U.S.C. § 1132(a)(1)] precludes the [p]laintiff from suing the individual plan

administrators in their personal capacities.") (emphasis in original).

Friedman does not point to any authority, and this Court is aware of none, that

stands for the proposition that where a retirement benefits plan is terminated, plan trustees are

liable in their individual capacities. (See Doc 51 at 2, 4-5.) Friedman argues that ERISA does

not explicitly limit individual liability to instances of breaches of fiduciary duties, and that

section 1132(d)(2) actually "contemplates individual liability provided it is otherwise

established." (Id. at 5.) Friedman further argues that because Congress created the ability to sue

plans pursuant to section 1132(d)(2), the Court cannot interpret the statute in a way that would

deprive Friedman of a remedy. (Doc 51 at 6.) This argument is circular, and contravenes the

text of the statute.  Section 1132(d)(2) provides that individual liability exists where it is

"established . . . under this subchapter," and ERISA so establishes individual liability where

there has been a breach of fiduciary duty.  29 U.S.C. §§ 1132(d)(2); 1109(a).  Here, Friedman

explicitly disclaims any breach of fiduciary duty under 29 U.S.C. § 1109(a).  (Doc 34 at 2.)

Further, Congress's carve-out for individual liability for violations of fiduciary duties owed

under ERISA demonstrates the opposite of what Friedman asserts.  That Congress explicitly

allowed for individual liability where it is "established" under ERISA—namely, pursuant to 29

U.S.C. § 1109(a)—shows that Congress "act[ed] intentionally and purposely in the disparate

inclusion or exclusion" of individual liability for ERISA claims under certain circumstances, and

that Congress did not intend to create individual liability for ERISA claims writ large.  Sebelius

v. Cloer, 569 U.S. 369, 378 (2013) (internal quotation marks and citation omitted) (statutory

construction case concerning the National Childhood Vaccine Injury Act).

Because Friedman asserts an ERISA claim against Kooper in his individual

capacity but does not claim any breach of fiduciary duty, Friedman does not state a claim against

Kooper.

III.     Friedman Does Not Have a Due Process Right Under ERISA

Friedman argues that he has a due process right to sue to recover benefits under

ERISA.  No such right exists.  "The touchstone of due process is protection of the individual

against arbitrary action of government . . . whether the fault lies in a denial of fundamental

procedural fairness, . . . or in the exercise of power without any reasonable justification in the

service of a legitimate governmental objective."  Cty. of Sacramento v. Lewis, 523 U.S. 833,

845-46 (1998) (internal quotation marks and citations omitted).  Not only is there no government

entity named in this suit, Friedman does not assert any government action that resulted in

deprivation of his rights. Friedman's reliance on <u>Greenstein by Horowitz v. Bane</u>, 833 F. Supp. 1054 (S.D.N.Y. 1993) is misplaced. <u>Greenstein</u> was not an ERISA case; it involved a section 1983 claim by Medicaid recipients who alleged that they were wrongly deprived of reimbursements for authorized services for which they had paid out of pocket. 833 F. Supp. at 1059. There, unlike here, plaintiffs claimed a deprivation of their rights by government entities, not private groups or individuals. <u>Id.</u> Therefore, Friedman's assertion of any due process right here is unavailing, and does not save his claim against Kooper from dismissal.

CONCLUSION

For the reasons set forth above, defendant Kooper's motion to dismiss is GRANTED. The Clerk is directed to terminate the motion (Doc 43). The caption is amended to reflect the termination of defendants Chestnut and National Union Fire Insurance.


SO ORDERED.

_____
P. Kevin Castel
United States District Judge


Dated: New York, New York
        November 8, 2019